E-FILED
Thursday, 09 June, 2016  08:46:44 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION



FILED
JUN - 8 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CR-200 44 |
| ) | |
| EDWIN J. GIRE and GRAYSON ) | Title 18, United States Code, |
| ENTERPRISES, INC., (doing business ) | Section 1546(a) and Section 2; |
| as Gire Roofing), a Corporation, ) | Title 8, United States Code, |
| ) | Section 1324(a)(1)(A)(iii) and |
| Defendants. ) | Section 1324a(a)(1)(A) and (f)(1). |

## INDICTMENT

### COUNT ONE
(Visa Fraud)

THE GRAND JURY CHARGES:

1. From about January of 2011, and continuing to about May 28, 2014, in Champaign in the Central District of Illinois, and elsewhere,

**EDWIN J. GIRE,**

defendant herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such application and other documents that contained such false statements and which failed to contain any reasonable basis in fact.

## The H-2B Temporary Worker Visa Program

2. Pursuant to federal law, foreign nationals are not permitted to work in the United States unless they obtain prior authorization from the United States government. The H-2B program allows U.S. employers or their agent who meet specific regulatory requirements to bring foreign nationals to the United States to fill temporary nonagricultural jobs. A U.S. employer, or its agent as described in the regulations, must file Form I-129, petition for Nonimmigrant Worker, on a prospective worker's behalf. H-2B visas are typically issued to employers experiencing one-time occurrence, peak load, seasonal, or intermittent needs that cannot be filled with U.S. labor. H-2B visas are typically issued for a period not-to-exceed one year, with the potential for two one-year extensions (three years of total benefit).

3. Pursuant to federal law, an employer must file a form ETA-9142 (Application for Temporary Employment Certification (ATEC)), with the U.S. Department of Labor (DOL). The ATEC is an attestation of certain standards that the employer must meet, which include but are not limited to number of workers, job description, wage requirements, working conditions, payroll deductions, and attestation that H-2B workers not be employed outside of the geographical location listed on the ATEC. Appendix B.1 to the form requires the employer to certify that, among other things, the job opportunity is a bona fide, full time, temporary position, to take full responsibility for all information on the ETA-9142, and to sign and attest that all of the information on the form is true and accurate under penalty of perjury.

4. With an approved ATEC, the employer must file a Form I-129 (Petition for Non-Immigrant Worker) with Department of Homeland Security/U.S. Citizenship and Immigration Services (DHS). DHS makes a final adjudication of the Form I-129. On the Form I-129, the employer is required to specify the job in which the foreign national will be employed, the address at which the work will be performed, the wage, the current number of foreign nationals employed, and the employer's gross and net income. The employer also is required to sign the Form I-129 petition under penalty of perjury, attesting that the position and the evidence submitted with it is true and accurate. The Form I-129 also states that the petitioner will notify DHS if an H-2B worker fails to report to work within five days after the start date on the petition or if a worker absconds or is terminated.

5. Pursuant to DOL regulations, the employer on the Form I-129 is the only entity allowed to employ the temporary H-2B alien workers. Thus, if the temporary H-2B alien enters the United States and works for an employer other than the employer that petitioned for the alien's employment, the alien's work authorization and immigration status is rendered invalid.

6. After DOL and DHS approve the employer's application, the foreign worker must appear for an interview before a Department of State Consular Officer at an overseas U.S. Embassy or Consulate. Following consular approval, the H-2B visa is issued.

### Gire Construction, Inc. 2011 Form I-129 Petition

7.  In 2011, according to GIRE, Gire Construction, Inc., was a roofing company established in 1992 that employed 32 workers and was located in Villa Grove, Douglas County, in the Central District of Illinois.

8.  In January and March of 2011, GIRE caused an ATEC, which he signed under penalty of perjury, to be presented to DOL. In the ATEC, he ultimately requested 93 foreign workers to provide roofing labor in Douglas County, Illinois. He certified that he was unsuccessful in locating sufficient numbers of qualified U.S. applicants. He further certified that, upon the separation from employment of any foreign worker employed under the labor certification application, if such separation occurs prior to the end date of the employment specified in the application, the employer will notify DOL and DHS in writing not later than 48 hours after such separation is discovered by the employer.

9.  On or about March 20, 2011, GIRE caused a Form I-129 application, which he signed under penalty of perjury, to be presented to DHS. In the application, GIRE agreed to notify DHS within two workdays if an H-2B worker failed to report for work within five workdays after the employment start date stated on the petition or the H-2B worker absconded from the worksite. In the application, GIRE requested 93 non-immigrant workers to perform roofing labor between April 15 and November 1, 2011. The Form I-129 application's supporting documents stated that foreign workers were required because of two sizeable roofing contracts awarded to Gire Construction, Inc. by two companies -- one contract for $1,252,000 and one contract for $375,000. In fact,

4

neither of the companies had awarded roofing contacts to Gire Construction, Inc. as represented in the application and its supporting documents.

10.    On or about March 29, 2011, DHS approved the Form I-129 application for 93 workers. As a result, GIRE caused 93 non-immigrant workers from various countries, including Mexico, Philippines, and Peru to enter the United States. Most of those workers, however, never reported to Gire Construction, Inc., for work or absconded from the worksite. Yet, GIRE did not notify DHS or DOL that the majority of these workers failed to report to work or had absconded. Instead, most of these workers either worked for employers outside of Douglas County, Illinois, in violation of the rules of the H-2B program, or were unaccounted. Moreover, Gire Construction, Inc. did not report any employee wages whatsoever to the Illinois Department of Employment Security for calendar year 2011.

**False Statement**

11.    On or about March 20, 2011, in Douglas County, in the Central District of Illinois, and elsewhere,

**EDWIN J. GIRE,**

defendant herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications and other documents that contained such false statements and which failed to contain any reasonable basis in fact, namely, a Form I-129 (Petition for Non-Immigrant Worker) and

5

supporting documentation wherein he claimed that Gire Construction, Inc., had received a roofing contract for $1,252,000 and $375,000 from two companies, respectively, that required 95 roofing laborers to complete, which statement the defendant then and there knew was false, in that neither of the named companies had awarded roofing contracts to Gire Construction, Inc., that would require 95 roofing laborers to complete.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT TWO
### (Visa Fraud)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

**Gire Construction, Inc. 2011 Form I-129 Extension**

2. On or about August 15, 2011, GIRE caused a Form I-129 application, which he signed under penalty of perjury, to be presented to DHS. In the application, GIRE requested that the H-2B visas of 20 non-immigrant workers working for a different employer be extended to allow them to perform roofing labor for Gire Construction, Inc., until November 1, 2011. The Form I-129 application's supporting documents repeated the previous claim that foreign workers were required because of two sizeable roofing contracts awarded to Gire Construction, Inc. by two companies -- one contract for $1,252,000 and one contract for $375,000. In fact, neither of the

6

companies had awarded roofing contacts to Gire Construction, Inc. as represented in the application and its supporting documents.

3.   On or about September 13, 2011, DHS approved the Form I-129 application for the extension of the H-2B visas of 19 workers. As a result, GIRE caused 19 non-immigrant workers visas to be extended. Most of those workers, however, never reported to Gire Construction, Inc. for work or absconded from the worksite. Yet, GIRE never notified DHS or DOL that these workers failed to report to work or had absconded. Moreover, Gire Construction, Inc. did not report any employee wages whatsoever to the Illinois Department of Employment Security for calendar year 2011.

**False Statement**

4.   On or about August 15, 2011, in Douglas County, in the Central District of Illinois, and elsewhere,

### EDWIN J. GIRE,

defendant herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications and other documents that contained such false statements and which failed to contain any reasonable basis in fact, namely, a Form I-129 (Petition for Non-Immigrant Worker) and supporting documentation wherein he claimed that Gire Construction, Inc., had received a roofing contract for $1,252,000 and $375,000 from two companies, respectively, and needed 20 additional roofing laborers, which statement the defendant

7

then and there knew was false, in that neither of the named companies had awarded roofing contracts to Gire Construction, Inc., that would require 20 additional roofing laborers.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT THREE
(Visa Fraud)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment and Paragraphs 1 through 4 of Count Two of this Indictment as though fully set forth herein.

**Grayson Enterprises, Inc. 2013 Form I-129 Petition**

2. On August 23, 2011, Grayson Enterprises, Inc. (doing business as Gire Roofing) was incorporated in the State of Illinois. In September of 2011, GIRE and Gire Construction, Inc., filed for Chapter 7 bankruptcy and the corporation was dissolved with the Illinois Secretary of State. In 2013, Grayson Enterprises, Inc. (d/b/a Gire Roofing) was located at 712 South Neil Street, in Champaign, Illinois.

3. In March of 2013, the defendants caused an ATEC, which GIRE signed under penalty of perjury, to be presented to DOL. In the ATEC, the defendants requested foreign workers to provide roofing labor in Champaign County, Illinois. The defendants certified that they were unsuccessful in locating sufficient numbers of qualified U.S. applicants. They further certified that, upon the separation from employment of any foreign worker employed under the labor certification application,

8

if such separation occurs prior to the end date of the employment specified in the application, the employer will notify DOL and DHS in writing not later than 48 hours after such separation is discovered by the employer.

4. On or around March 11, 2013, the defendants caused a Form I-129 application, which GIRE signed under penalty of perjury, to be presented to DHS. The application was presented on behalf of Grayson Enterprises, Inc, d/b/a Gire Roofing, noting that it was established in 2011, currently employed 12 employees in the United States, and had a gross annual income of $1.4 million. In the application, the defendants agreed to notify DHS within two workdays if an H-2B worker failed to report for work within five workdays after the employment start date stated on the petition or the H-2B worker absconded from the worksite.

5. In the application, the defendants requested 43 non-immigrant workers to perform roofing labor between April 1 and November 1, 2013. The Form I-129 application's supporting documents stated that foreign workers were required because of five specific roofing contracts awarded to Gire Roofing in Champaign County, Illinois. In fact, Gire Roofing had not actually received all five of these specific roofing contracts, and the contracts submitted by the defendants as supporting documents contained multiple forged signatures.

6. On or about June 3, 2013, DHS approved the Form I-129 application for 43 workers. As a result, the defendants caused 41 non-immigrant workers from Mexico to enter the United States. Most of those workers, however, never reported to Gire Roofing for work or absconded from the worksite. Yet, the defendants never notified DHS or

9

DOL that these workers failed to report to work or had absconded. Instead, most of these workers either worked for employers outside of Champaign County, Illinois, in violation of the rules of the H-2B program, or were unaccounted. Moreover, Grayson Enterprises, Inc., doing business as Gire Roofing, did not report any employee wages whatsoever to the Illinois Department of Employment Security for calendar year 2013.

**False Statement**

7. On or about March 11, 2013, in Champaign County, in the Central District of Illinois, and elsewhere,

EDWIN J. GIRE and
GRAYSON ENTERPRISES, INC. (doing business as Gire Roofing), a Corporation,

defendants herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications and other documents that contained such false statements and which failed to contain any reasonable basis in fact, namely, a Form I-129 (Petition for Non-Immigrant Worker) and supporting documentation wherein the defendants claimed that Grayson Enterprises, Inc. (doing business as Gire Roofing) had received five specific roofing contracts for work in Champaign County, Illinois, that required foreign workers, which statement the defendant then and there knew was false, in that Gire Roofing had not received the five specific roofing contracts for work in Champaign County, Illinois, that required foreign workers.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FOUR
### (Visa Fraud)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment, Paragraphs 1 through 4 of Count Two of this Indictment, and Paragraphs 1 through 7 of Count Three of this Indictment, as though fully set forth herein.

**Grayson Enterprises, Inc. 2014 Form I-129 Petition**

2. Around January of 2014, Grayson Enterprises, Inc., doing business as Gire Roofing, moved to a large warehouse located at 309 West Hensley Road in Champaign, Illinois.

3. In April of 2014, the defendants caused an ATEC, which GIRE signed under penalty of perjury, to be presented to DOL. In the ATEC, the defendants requested 71 foreign workers to provide roofing labor in Champaign County, Illinois. They certified that the defendants were unsuccessful in locating sufficient numbers of qualified U.S. applicants. They further certified that, upon the separation from employment of any foreign worker employed under the labor certification application, if such separation occurs prior to the end date of the employment specified in the application, the employer will notify DOL and DHS in writing not later than 48 hours after such separation is discovered by the employer.

4.  On or around April 10, 2014, the defendants caused a Form I-129 application, which GIRE signed under penalty of perjury, to be presented to DHS. The application was presented on behalf of Grayson Enterprises, Inc, d/b/a Gire Roofing, noting that it had a gross annual income of over $1.9 million. In the application, the defendants agreed to notify DHS within two workdays if an H-2B worker failed to report for work within five workdays after the employment start date stated on the petition or the H-2B worker absconded from the worksite.

5.  In the application, the defendants requested 71 non-immigrant workers to perform roofing labor between April 15 and November 1, 2014. The Form I-129 application's supporting documents stated that foreign workers were required because of thirteen specific roofing contracts awarded to Gire Roofing in Champaign County (nine contracts) and Douglas County (four contracts), Illinois. In fact, Gire Roofing had not actually received all 13 of these specific roofing contracts, and the contracts submitted by the defendants as supporting documents contained multiple forged signatures.

6.  On or about May 5, 2014, DHS approved the Form I-129 application for 71 workers. Nonetheless, the United States Department of State did not issue the H-2B non-immigrant visas.

## False Statement

7. On or about April 10, 2014, in Champaign County, in the Central District of Illinois, and elsewhere,

EDWIN J. GIRE and<br>
GRAYSON ENTERPRISES, INC. (doing business as Gire Roofing), a Corporation,

defendants herein, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications and other documents that contained such false statements and which failed to contain any reasonable basis in fact, namely, a Form I-129 (Petition for Non-Immigrant Worker) and supporting documentation wherein the defendants claimed that Grayson Enterprises, Inc. (doing business as Gire Roofing) had received 13 specific roofing contracts for work in Champaign County, Illinois, that required foreign workers, which statement the defendant then and there knew was false, in that Gire Roofing had not received the 13 specific roofing contracts for work in Champaign County, Illinois, that required foreign workers.

In violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNTS FIVE to SEVEN
(Harboring Illegal Aliens)

**THE GRAND JURY CHARGES:**

On or about May 28, 2014, in Champaign County, in the Central District of Illinois,

EDWIN J. GIRE and
GRAYSON ENTERPRISES, INC. (doing business as Gire Roofing), a Corporation,

defendants herein, knowing and in reckless disregard of the fact that certain aliens whose identities are known to the grand jury as specified below, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such aliens in buildings and other places for the purpose of commercial advantage and private financial gain.

| COUNT | ALIEN |
|---|---|
| Five | C.G.-C. |
| Six | R.L.-C. |
| Seven | D.T.-H. |

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## COUNTS EIGHT TO TEN
(Unlawful Employment of Aliens)

THE GRAND JURY CHARGES:

On or about the dates listed below, in Champaign County, in the Central District of Illinois, and elsewhere,

EDWIN J. GIRE and
GRAYSON ENTERPRISES, INC. (doing business as Gire Roofing), a Corporation,

defendants herein, engaged in a practice and pattern of hiring for employment in the United States certain aliens whose identities are known to the grand jury, as specified below, knowing that said aliens were unauthorized aliens (as defined in Title 8 United States Code, Section 1324a(a)(h)(3)), with respect to such employment.

| COUNT | ALIEN | DATES |
|---|---|---|
| Eight | C.G.-C. | April 2014 to September 2014 |
| Nine | R.L.-C. | April 2012 to September 2014 |
| Ten | D.T.-H. | April 2008 to September 2014 |

In violation of Title 8, United States Code, Section 1324a(a)(1)(A) and (f)(1).

## FORFEITURE ALLEGATIONS

THE GRAND JURY CHARGES:

1. The Grand Jury re-alleges and incorporates by reference the allegations of Counts One through Ten of this Indictment as though fully set forth herein, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6).

2. On or about the dates set forth in Counts One through Ten of this Indictment, in Champaign County, in the Central District of Illinois, and elsewhere,

**EDWIN J. GIRE and
GRAYSON ENTERPRISES, INC. (doing business as Gire Roofing), a Corporation,**

defendants herein, did engage in knowing violations of Title 18, United States Code, Section 1546, Title 8, United States Code, Section 1324(a) [Section 274(a) of the Immigration and Nationality Act], and Title 8, United States Code, Section 1324a(a)(1) [Section 274A(a)(1) of the Immigration and Nationality Act], thereby subjecting to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(6) any conveyance, including any vessel or vehicle used in the commission of the offense of which the person is convicted and any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or

indirectly from the commission of the offense of which the person is convicted, or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted. The property to be forfeited includes, but is not limited to, the following: the real property commonly known as Grayson Enterprises, Inc. doing business as Gire Roofing, 309 W. Hensley Road, Champaign, Illinois 61822, located in Champaign County in the Central District of Illinois.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6) & (b)(1) and Section 3554, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

s/ Foreperson

FOREPERSON

s/ John Childress

JAMES A. LEWIS
United States Attorney

ELM