# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 16-20044 |
| ) | |
| EDWIN J. GIRE and GRAYSON ) | |
| ENTERPRISES, INC., d/b/a ) | |
| GIRE ROOFING, ) | |
| ) | |
| Defendants. ) | |

## MOTION OF THE UNITED STATES FOR
## A PRELIMINARY ORDER OF FORFEITURE
## AND FORFEITURE OF SUBSTITUTE ASSETS

The United States of America, by John E. Childress, United States Attorney, and Gail L. Noll, Assistant United States Attorney, respectfully submits its Motion for a Preliminary Order of Forfeiture and for Forfeiture of Substitute Assets in the above-entitled case for the reasons set forth in the following supporting suggestions.   A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

1.    On June 8, 2016, a federal grand jury sitting in the
Central District of Illinois returned an Indictment against the
defendants, Edwin J. Gire and Grayson Enterprises, Inc., d/b/a
Gire Roofing, charging the Defendant, Edwin J. Gire,
individually, with two counts of Visa Fraud and Edwin J. Gire
and Grayson Enterprises, Inc., doing business as Gire Roofing,
with two counts of Visa Fraud in violation of Title 18, United
States Code, Sections 1546(a) and 2; three counts of Harboring
Illegal Aliens, in violation of Title 8, United States Code, Section
1324(a)(1)(A)(iii); and three counts of Unlawful Employment of
Aliens, in violation of Title 8, United States Code, Section
1324a(a)(1)(A) and (f)(1).

2.    The Indictment sought forfeiture, pursuant to Title 18,
United States Code, Section 982(a)(6), of the real property
commonly known as Grayson Enterprises, Inc., doing business as

Gire Roofing, 309 West Hensley Road, Champaign, Illinois, in

that the property facilitated the commission of the offenses of

which the defendants were convicted.   The United States also

sought the forfeiture of substitute assets pursuant to Title 21,

United States Code, Section 853 (p), as incorporated by 18 U.S.C.

§982(b)(1) and 28 U.S.C. §2461(c).

3.     On January 31, 2018, after a bench trial, this Court

entered its verdict finding the defendant, Edwin J. Gire, guilty on

Counts 1 through 7 of the Indictment and finding Defendant,

Grayson Enterprises, Inc., guilty on Counts 3 through 7 of the

Indictment. The Court found further that the property located at

309 West Hensley Road, Champaign, Illinois, was used by the

defendants to facilitate the harboring of illegal aliens and that

there was sufficient nexus between said property and the

harboring offenses such that forfeiture of the real property is

appropriate.

4.   Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of

Criminal Procedure, provide that:

(a)   As soon as practicable after entering a
guilty verdict or accepting a plea of guilty or *nolo
contendere* on any count in an indictment or
information with regard to which criminal
forfeiture is sought, the court shall determine what
property is subject to forfeiture under the
applicable statute.   If forfeiture of specific
property is sought, the court shall determine
whether the government has established the
requisite nexus between the property and the
offense.   If the government seeks a personal
money judgment against the defendant, the court
shall determine the amount of money that the
defendant will be ordered to pay.   The court's
determination may be based on evidence already
in the record, including any written plea
agreement or, if the forfeiture is contested, on
evidence or information presented by the parties
at a hearing after the verdict or finding of guilt.

(b)   If the court finds that property is subject to
forfeiture, it shall promptly enter a preliminary order of
forfeiture setting forth the amount of any money
judgment or directing the forfeiture of specific property
without regard to any third party's interest in all or part
of it.

(c)    The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.   At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.   The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

5.    On or about November 2, 2015, after the execution of a search warrant on defendant's property at 309 West Hensley Road, Champaign, Illinois in May of 2014, and prior to the Indictment of the defendants on June 8, 2016, the subject property was sold to Rush Truck Centers of Illinois, Inc., for the sales price of $3,100,000.00. (See Exhibit 1 attached)

6.    The United States believes that the corporation which purchased the property, Rush Truck Center of Illinois, Inc., is a bona fide purchaser for value, and therefore, does not move to set

aside the sale. However, under the relation back doctrine, the Government's interest in the property vested at the time of commission of the acts giving rise to the forfeiture, and thus its interest existed prior to the sale of said property. See *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007) (under the relation back doctrine, the Government's interest in the property vests at the time the defendant commits the crime; "otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction"); *United States v. Zaccagnino*, 2006 WL 1005042, *4 (C.D. Ill. 2006) (the Government's interest in laundered property vested when the money laundering offense took place; thus, the property never became part of a bankruptcy estate that was created when the defendant subsequently declared bankruptcy); *United States v. Derochemont*, 2011 WL 6319293, *3 (M.D. Fla. Dec. 15, 2011) (although defendant committed his offense beginning in 2003 and

did not acquire the residence forfeited as a substitute asset until 2010, the Government's interest in the funds he used to buy the residence vested before the purchase occurred, so that the Government acquired an interest in the residence immediately when defendant purchased it).

7.     Since the property subject to forfeiture is no longer available due to the actions of the defendants in selling and transferring said property to a third party, the United States seeks the entry of a judgment against the defendants, Edwin Gire and Grayson Enterprises, Inc., in the amount of $3,100,000.00, that being its sale price. See *United States v. Javaherpour*, 78 Fed. Appx. 452, 456-57 (6th Cir., 2003). (Because the property subject to forfeiture was sold to a bona fide purchaser, the district court did not err in ordering the forfeiture of $226,000.00, the proceeds from the sale of the property, under the substitute assets provision of 21 U.S.C. 853(p)); *United States v. Puche,* 350 F.3d 1137, 1153-54

(11th Cir. 2003) (affirming money judgment equal to the combined value of the commission paid to the money launderer and the untainted money used to facilitate the offense); *United States v. Numisgroup Int'l Corp.,* 169 F. Supp. 2d 133, 136 (E.D.N.Y. 2001) (money judgment entered under section 982(a)(8) may be based on the value of the gross proceeds derived from the offense and the value of the property used to facilitate or promote it).

8.   Title 21, United States Code, Section 853(p) governs the forfeiture of substitute property[1] and states as follows:

(p)   <u>Forfeiture of substitute property</u>

(1)   <u>In general</u>.   Paragraph (2) of this subsection shall apply, if any property described in subsection (A), as a result of any act or omission of the defendant–

---

1 The procedures in 21 U.S.C. §853, other than subsection (d), "apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. §2461(c); see also 18 U.S.C. §982(b)(1) (incorporating provisions in §853, other than subsection (d)).   Subsection (d) applies only to cases brought under the Controlled Substance Act.   See 28 U.S.C. §2461(c).

(A)      cannot be located upon the exercise

of due diligence;

(B)      has been transferred or sold to, or

deposited with, a third party;

(C)      has been placed beyond the

jurisdiction of the court;

(D)      has been substantially diminished in

value; or

(E)      has been commingled with other

property which cannot be divided without

difficulty.

(2)   <u>Substitute property</u>

In any case described in any of

subparagraphs (A) through (E) of paragraph (1),

the court shall order the forfeiture of any other

property of the defendant, up to the value of any

property described in subparagraphs (A)

through (E) of paragraph (1), as applicable.

9.     The entry of an Order of Forfeiture in the form of a

money judgment is specifically authorized by Rule 32.2(b)(1) of

the Federal Rules of Criminal Procedure. Such orders of forfeiture

are commonplace. *See United States v. Baker*, 227 F.3d 955 (7th Cir.

2000) (a forfeiture order may include a money judgment for the

amount of money involved in the money laundering offense; the

money judgment acts as a lien against the defendant personally

for the duration of his prison term and beyond); *United States v.*

*Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc*) (criminal

forfeiture is a personal judgment that requires the defendant to

pay the total amount derived from the criminal activity,

"regardless of whether the specific dollars received from that

activity are still in his possession"); *United States v. Holland*, 160

F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment

equal to value of property concealed from bankruptcy court and
subsequently laundered).

10.    Upon the entry of a Money Judgment of Forfeiture, the
Government may move at any time, pursuant to Rule
32.2(e)(1)(B), for forfeiture of specific property of the defendant,
having a value up to the amount of the money judgment, as
substitute assets. *United States v. Misla-Aldarondo*, 478 F.3d 52, 75
(1st Cir. 2007)(A money judgment can be used in the future to seek
forfeiture of substitute assets by court order under §853(p) and
Rule 32.2); *United States v. Wahlen*, 459 F.Supp.2d 800, 804 (7th Cir.
2006)(defendant's marital interest in untainted portions of
properties subject to forfeiture as substitute assets in partial
satisfaction of money judgment of forfeiture against him); *United
States v. Numisgroup Intl. Corp*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001)
(Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a
money judgment, including a judgment based on the value of the

missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets).

11.    The phrase "any other property" as used in Section 853(p) has been liberally construed by the Courts.    As noted in *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007), given the broad language Congress employed in drafting the statute, it is not for the courts "to strike a balance between the competing interests" or to carve out exceptions protecting certain categories of property from forfeiture. *United States v. Brown*, 2011 WL 1486609 *1 (D. Md. April 18, 2011)(Any property of the defendant, including property located abroad that is held in the name of third-party nominees may be forfeited as substitute assets, subject to the right of the third parties to contest the forfeit in the

ancillary proceeding.); *United States v. Gallion,* 2009 WL 2242413 *3
(E.D. KY, July 24, 2009)(when the statute says that any property of
the defendant may be forfeited as a substitute asset, it means
exactly what it says; that includes the defendant's IRA account
and property being held by a corporation in receivership); *United
States v. Carroll* 346 F.3d 744, 749 (7th Cir. 2003)(defendant may be
ordered to forfeit "every last penny" he owns as substitute assets
to satisfy a money judgment).

12.    The United States moves for the forfeiture of the
following assets as substitute assets pursuant to 21 USC 853(p)
and Rule 32.2(e):

(a)    One parcel of real estate commonly known as **30 Bella
Vista Avenue, Lake Worth, Florida**, titles in the name of Quick
Leasing, Inc., together with all improvements and appurtenances
thereon, and more fully described as follows:

Lot One (1), Bella Vista Estates, according to Plat
thereof on file in the Office of the Clerk of the Circuit

Court in and for Palm Beach County, Florida,
recorded in Plat Book 71, Page 195, said lands
situate, lying and being in Palm Beach County,
Florida.
PIN: 38-43-43-15-34-000-0010

(b)    One parcel of real estate commonly known as **528, 535, 544 16TH STREET, WEST PALM BEACH, FLORIDA**, titled in the name of Quick Leasing, Inc., TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON and more fully described as follows, to-wit:

PARCEL ONE:   Lots 1 through 8, inclusive, and Lots 19 through 25, inclusive, Block 7 of Palm Beach North Resubdivision of Blocks 7 and 8, according to the Plat thereof, as recorded in Plat Book 8, at Page 787, of the Public Records of Palm Beach County, Florida

PARCEL TWO:   Lots 4, 5 and 6, Block 1, of Map of Palm Beach North, according to the Plat thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, both of the Public Records of Palm Beach County, Florida.

PARCEL THREE:   Lots 1, 2, 3, 23 and 24, Block 1 of Map of Palm Beach North, according to the Plat

thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, of the Public Records of Palm Beach County, Florida.

PIN: 74-43-43-16-17-001-0040; 74-43-43-16-18-007-0010; 74-43-43-16-17-001-0010

(c)     One parcel of real estate commonly known as **Corner of Hensley Road and Market Street, Champaign, Illinois,** titled in the name of Hensley Market, LLC, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON and more fully described as follows, to-wit:

Part of the Northeast Quarter of the Northwest Quarter and of the Northwest Quarter of the Northeast Quarter of Section 24, Township 20 North, Range 8 East of the Third Principal Meridian, described as follows:

Beginning at a Point on the North Line of Section 24, Township 20 North, Range 8 East of the Third Principal Meridian, lying South 89 degrees 14 minutes 44 seconds West 2649.54 feet from the Northeast corner of Section 24; thence South 0 degrees 45 minutes 18 seconds West 32.03 feet to a concrete right-of-way marker on the westerly right-of-way line of relocated state aid Route 21; thence South 12 degrees 24 minutes 42 seconds East 99.39 feet on said westerly line to a concrete marker, thence South 19 degrees 46 minutes 34 seconds East 332.36 feet on said Westerly line to a concrete marker; thence South 28 degrees 15 minutes 47 seconds East 212.12 feet on said Westerly Line to a concrete marker; thence South 36 degrees 56 minutes 54 seconds East

514.11 feet on said Westerly line to a concrete marker; thence South 9 degrees 01 minutes 41 seconds East 133.93 feet on said Westerly line to the centerline of the relocated Hensley drainage ditch; thence South 87 degrees 43 minutes 51 seconds West 144.23 feet on said centerline to a point; thence around a curve to the right having a long chord with a course and length of North 64 degrees 55 minutes 09 seconds West 658.08 feet and having a radius of 716.20 feet and with a central angle of 54 degrees 42 minutes 00 seconds for a length of 683.75 feet to a point on said centerline; thence North 37 degrees 34 minutes 09 seconds West 88.09 feet to a point on said centerline; thence continuing along said centerline Northwesterly to the intersection of the said centerline and the North line of Section 24; thence North 89 degrees 14 minutes 44 seconds East 1106.99 feet on said North line to the point of beginning, in Champaign County, Illinois.

Except the following described tract:
Beginning at the intersection of the North line of said Section 24 and the centerline of the Hensley drainage ditch; thence South 89 degrees 13 minutes 36 second East 715.91 feet along the North line of said Section 24, thence South 00 degrees 46 minutes 24 seconds West 328.77 feet along a line perpendicular to the North line of said Section 24; thence South 35 degrees 01 minutes 36 seconds West 279.04 feet to a point lying on the centerline of said Hensley drainage ditch; thence Northwesterly approximately 810 feet along the centerline of said Hensley drainage ditch to the point of beginning, in Champaign County, Illinois.

PIN: 12-14-24-100-009

13.    Based on the information known to the United States,
the value of the above-described property (net of any costs
incurred in seizure, storing and disposing of the property) does
not exceed $3,100,000.00, the amount of the money judgment
sought by the United States.

14.    The possible property interest of the defendant or third
parties in substitute property is not "considered" when entering a
forfeiture order. Federal Rule of Criminal Procedure 32.2(e)(2)(B)
provides that following the entry of the order, the court must
conduct an ancillary proceeding under Rule 32.2(c) "if a third
party files a petition claiming an interest in the property." *See
United States v. Coffman,* 574 Fed.Appx. 541, 564 (6th Cir.
2014)(Under Rule 32.2(b)(2), the district court forfeits substitute
assets without regard to a potential third party's interest and
defers that issue to the ancillary proceeding; that this prolongs the

forfeiture determination is a policy decision that Congress was entitled to make); *United States v. Gordon*, 710 F.3d 1124, 1167-68 (10th Cir. 2013) ("The court does not determine that a substitute asset belongs to the defendant when it includes it in the preliminary order of forfeiture; rather, the requirement in § 853(p)(2)  that the substitute asset be 'property of the defendant' is satisfied by allowing third parties to contest the forfeiture of the property in the ancillary proceeding ...."; citing Asset Forfeiture Law in the United States at § 22-3); *United States v. Weiss*, 791 F.Supp.2d 1183, 1220 (M.D. Fla. 2011)(defendant's wife lacked standing to challenge the preliminary order of forfeiture on the ground that the court erred in finding that the substitute asset was "property of the defendant"; in granting a Rule 32.2(e) motion, the court must defer ownership issues to the ancillary proceeding where the claimant can attempt to prove that the property belongs to her); *United States v. Power Co., Inc.,* 2008 WL

612207, *3-4 (D. Nev. Feb. 28, 2008)(district court is not required to

find that the defendant is the owner of a particular asset before

ordering its forfeiture as a substitute asset; ownership of property

is determined in the ancillary proceeding if a third party files a

claim contesting the forfeiture).

15.    Moreover, the defendant himself cannot object to the

motion to forfeit substitute assets on the ground that the property

does not belong to him.    *See United States v. Weitzman*, 936

F.Supp.2d 218, 221 (S.D.N.Y. 2013)(defendant lacks standing to

object to forfeiture of substitute asset on the ground that a third

party has an interest in it; third party must file a claim in the

ancillary proceeding); *United States v. Stark*, 2011 WL 5444057 *1-2

(S.D. Ill., Nov. 9, 2011)(defendant cannot move to vacate an order

forfeiting substitute assets on the ground that the property

belongs to a third party).

16.    "Section 853(p) is not discretionary; rather the statute mandates forfeiture of substitute assets when the tainted property has been placed beyond the reach of a forfeiture." *United States v. Dong,* 252 F.Supp.3d 447, 458 (D.S.C., 2017), citing *United States v. United States v. Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006); *United States v. Patel,* 949 F.Supp.2d 642 , 6565 (W.D. VA, 2013).

WHEREFORE, the United States seeks the entry of a Preliminary Order of Forfeiture consisting of a personal money judgment against the defendants in the amount of $3,100,000.00 and the forfeiture of substitute assets, as proposed in the attached order.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY


 By s/ Gail L. Noll
Gail L. Noll, IL Bar No. 6243578
United States Attorney's Office
 318 South 6th Street
Springfield, Illinois 62701
(217) 492-4450
Fax: (217) 492-4888
E-mail: gail.noll@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.


                           <u>s/ Gail L. Noll</u>
                           Gail L. Noll, IL Bar No. 6243578
                           United States Attorney's Office
                            318 South 6th Street
                           Springfield, Illinois 62701
                           (217) 492-4450
                           Fax: (217) 492-4888
                           E-mail: gail.noll@usdoj.gov