E-FILED
Tuesday, 28 August, 2018  11:53:26 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 16-20044 |
| | ) | |
| EDWIN J. GIRE and GRAYSON | ) | |
| ENTERPRISES, INC., d/b/a | ) | |
| GIRE ROOFING, | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY ORDER OF FORFEITURE
## OF SUBSTITUTE ASSETS AND MONEY JUDGMENT

This matter is before this Court on the government's motion for entry of a Preliminary Order of Forfeiture and for the entry of a money judgment upon the conviction of the defendants, Edwin J. Gire and Grayson Enterprises, Inc., d/b/a Gire Roofing, after bench trial on certain counts of the Indictment and pursuant to 18 U.S.C. 982 and Rule 32.2 of the Federal Rules of Criminal

Procedure, the Court finds as follows:

1.      The Indictment sought forfeiture, pursuant to Title 18,
United States Code, Section 982(a)(6), of the real property
commonly known as Grayson Enterprises, Inc., doing business as
Gire Roofing, 309 West Hensley Road, Champaign, Illinois, in
that the property facilitated the commission of the offenses of
which the Defendants were convicted.   The United States also
sought the forfeiture of substitute assets pursuant to Title 21,
United States Code, Section 853 (p), as incorporated by 18 U.S.C.
§982(b)(1) and 28 U.S.C. §2461(c).

2.      On January 31, 2018, after a bench trial, this Court
entered its verdict finding the defendant, Edwin J. Gire, guilty on
Counts 1 through 4 of the Indictment (Visa Fraud) and Counts 5
through 7 (Harboring Illegal Aliens) and finding defendant,
Grayson Enterprises, Inc., guilty on Counts 3 and 4 (Visa Fraud)

and 5 through 7 (Harboring Illegal Aliens). This Court found further that the property located at 309 West Hensley Road, Champaign, Illinois, was used by the defendants to facilitate the harboring of illegal aliens and that there was sufficient nexus between said property and the harboring offenses such that forfeiture of the real property is appropriate. (R.61)

3.      Based upon the defendants' conviction of the offenses upon which the forfeiture allegations are based and the evidence presented by the Government during the bench trial, this Court found that the United States has established the requisite nexus between the property sought to be forfeited and such offenses in that the property was used for the harboring of illegal aliens. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. §982 and 28 U.S.C. §2461(c).

4.    The Government has advised the Court that on or about November 2, 2015, after the execution of a search warrant on defendant's property at 309 West Hensley Road, Champaign, Illinois in May of 2014, and prior to the Indictment of the defendants on June 8, 2016, the subject property was sold to Rush Truck Centers of Illinois, Inc., for the sales price of $3,100,000.

5.    Because the real property subject to forfeiture is no longer available due to the actions of the defendants in selling and transferring said property to a third party, the United States has sought, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the entry of a money judgment against the defendants, Edwin Gire and Grayson Enterprises, Inc., in the amount of $3,100,000.00, that being its sale price.

6.    The Government has also sought the forfeiture of the following property of the defendants, as substitute assets,

4

pursuant to 21 USC 853(p) and Rule 32.2(e), to be applied towards the money judgment:

(a)     One parcel of real estate commonly known as **30 Bella Vista Avenue, Lake Worth, Florida**, titled in the name of Quick Leasing, Inc., together with all improvements and appurtenances thereon, and more fully described as follows:

> Lot One (1), Bella Vista Estates, according to Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, recorded in Plat Book 71, Page 195, said lands situate, lying and being in Palm Beach County, Florida.
> PIN: 38-43-43-15-34-000-0010

(b)     One parcel of real estate commonly known as **528, 535, 544 16TH STREET, WEST PALM BEACH, FLORIDA**, titled in the name of Quick Leasing, Inc., TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON and more fully described as follows, to-wit:

PARCEL ONE:   Lots 1 through 8, inclusive, and Lots 19 through 25, inclusive, Block 7 of Palm Beach North Resubdivision of Blocks 7 and 8, according to the Plat thereof, as recorded in Plat Book 8, at Page 787, of the Public Records of Palm Beach County, Florida

PARCEL TWO:   Lots 4, 5 and 6, Block 1, of Map of Palm Beach North, according to the Plat thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, both of the Public Records of Palm Beach County, Florida.

PARCEL THREE:   Lots 1, 2, 3, 23 and 24, Block 1 of Map of Palm Beach North, according to the Plat thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, of the Public Records of Palm Beach County, Florida.

PIN: 74-43-43-16-17-001-0040; 74-43-43-16-18-007-0010; 74-43-43-16-17-001-0010

(c)   One parcel of real estate commonly known as **Corner of Hensley Road and Market Street, Champaign, Illinois,** titled in the name of Hensley Market, LLC, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON and more fully described as follows, to-wit:

Part of the Northeast Quarter of the Northwest Quarter and of the Northwest Quarter of the Northeast Quarter

of Section 24, Township 20 North, Range 8 East of the
Third Principal Meridian, described as follows:

Beginning at a Point on the North Line of Section 24,
Township 20 North, Range 8 East of the Third Principal
Meridian, lying South 89 degrees 14 minutes 44 seconds
West 2649.54 feet from the Northeast corner of Section
24; thence South 0 degrees 45 minutes 18 seconds West
32.03 feet to a concrete right-of-way marker on the
westerly right-of-way line of relocated state aid Route
21; thence South 12 degrees 24 minutes 42 seconds East
99.39 feet on said westerly line to a concrete marker,
thence South 19 degrees 46 minutes 34 seconds East
332.36 feet on said Westerly line to a concrete marker;
thence South 28 degrees 15 minutes 47 seconds East
212.12 feet on said Westerly Line to a concrete marker;
thence South 36 degrees 56 minutes 54 seconds East
514.11 feet on said Westerly line to a concrete marker;
thence South 9 degrees 01 minutes 41 seconds East
133.93 feet on said Westerly line to the centerline of the
relocated Hensley drainage ditch; thence South 87
degrees 43 minutes 51 seconds West 144.23 feet on said
centerline to a point; thence around a curve to the right
having a long chord with a course and length of North
64 degrees 55 minutes 09 seconds West 658.08 feet and
having a radius of 716.20 feet and with a central angle
of 54 degrees 42 minutes 00 seconds for a length of
683.75 feet to a point on said centerline; thence North 37
degrees 34 minutes 09 seconds West 88.09 feet to a
point on said centerline; thence continuing along said

centerline Northwesterly to the intersection of the said
centerline and the North line of Section 24; thence
North 89 degrees 14 minutes 44 seconds East 1106.99
feet on said North line to the point of beginning, in
Champaign County, Illinois.

Except the following described tract:
Beginning at the intersection of the North line of said Section
24 and the centerline of the Hensley drainage ditch; thence
South 89 degrees 13 minutes 36 second East 715.91 feet along
the North line of said Section 24, thence South 00 degrees 46
minutes 24 seconds West 328.77 feet along a line
perpendicular to the North line of said Section 24; thence
South 35 degrees 01 minutes 36 seconds West 279.04 feet to a
point lying on the centerline of said Hensley drainage ditch;
thence Northwesterly approximately 810 feet along the
centerline of said Hensley drainage ditch to the point of
beginning, in Champaign County, Illinois.

PIN: 12-14-24-100-009

Based upon the evidence presented by the Government, this

Court FINDS as follows:

That the property at 309 West Hensley Road, Champaign,

Illinois, which this Court has previously found subject to

forfeiture pursuant to 18 U.S.C. §982 and 28 U.S.C. §2461(c), is no

longer available for forfeiture due to the acts of the defendants;

That the amount of $3,100,000.00 represents the value of the property and that a money judgment of forfeiture in said amount should be entered against the defendants, Edwin J. Gire and Grayson Enterprises, Inc., doing business as Grayson Roofing;

That the Government's motion shall be granted and that certain assets of the defendants should be forfeited as substitute assets to be applied towards any money judgment entered by this court.

NOW, THEREFORE, in consideration of the foregoing, this Court orders as follows:

A.    A money judgment in the amount of $3,100,000.00 is hereby entered against the Defendants and in favor of the United States pursuant to Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.

B.     The following assets are hereby forfeited to the United

States as substitute assets pursuant to the provisions of 21 USC

853(p) and Rule 32.2(e):

(1)     One parcel of real estate commonly known as **30 Bella**

**Vista Avenue, Lake Worth, Florida**, titles in the name of Quick

Leasing, Inc., together with all improvements and appurtenances

thereon, and more fully described as follows:

> Lot One (1), Bella Vista Estates, according to Plat
> thereof on file in the Office of the Clerk of the Circuit
> Court in and for Palm Beach County, Florida,
> recorded in Plat Book 71, Page 195, said lands
> situate, lying and being in Palm Beach County,
> Florida.
> PIN: 38-43-43-15-34-000-0010

(2)     One parcel of real estate commonly known as **528, 535,**

**544 16TH STREET, WEST PALM BEACH, FLORIDA**, titled in the

name of Quick Leasing, Inc., TOGETHER WITH ALL

IMPROVEMENTS AND APPURTENANCES THEREON and

more fully described as follows, to-wit:

> PARCEL ONE:   Lots 1 through 8, inclusive, and Lots 19 through 25, inclusive, Block 7 of Palm Beach North Resubdivision of Blocks 7 and 8, according to the Plat thereof, as recorded in Plat Book 8, at Page 787, of the Public Records of Palm Beach County, Florida

> PARCEL TWO:   Lots 4, 5 and 6, Block 1, of Map of Palm Beach North, according to the Plat thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, both of the Public Records of Palm Beach County, Florida.

> PARCEL THREE:   Lots 1, 2, 3, 23 and 24, Block 1 of Map of Palm Beach North, according to the Plat thereof, as recorded in Plat Book 1, at Page 120 and Replatted in Plat Book 1, at Page 127, of the Public Records of Palm Beach County, Florida.

PIN: 74-43-43-16-17-001-0040; 74-43-43-16-18-007-0010; 74-43-43-16-17-001-0010

    (3)   One parcel of real estate commonly known as **Corner of Hensley Road and Market Street, Champaign, Illinois,** titled in the name of Hensley Market, LLC, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON and more fully described as follows, to-wit:

Part of the Northeast Quarter of the Northwest Quarter
and of the Northwest Quarter of the Northeast Quarter
of Section 24, Township 20 North, Range 8 East of the
Third Principal Meridian, described as follows:

Beginning at a Point on the North Line of Section 24,
Township 20 North, Range 8 East of the Third Principal
Meridian, lying South 89 degrees 14 minutes 44 seconds
West 2649.54 feet from the Northeast corner of Section
24; thence South 0 degrees 45 minutes 18 seconds West
32.03 feet to a concrete right-of-way marker on the
westerly right-of-way line of relocated state aid Route
21; thence South 12 degrees 24 minutes 42 seconds East
99.39 feet on said westerly line to a concrete marker,
thence South 19 degrees 46 minutes 34 seconds East
332.36 feet on said Westerly line to a concrete marker;
thence South 28 degrees 15 minutes 47 seconds East
212.12 feet on said Westerly Line to a concrete marker;
thence South 36 degrees 56 minutes 54 seconds East
514.11 feet on said Westerly line to a concrete marker;
thence South 9 degrees 01 minutes 41 seconds East
133.93 feet on said Westerly line to the centerline of the
relocated Hensley drainage ditch; thence South 87
degrees 43 minutes 51 seconds West 144.23 feet on said
centerline to a point; thence around a curve to the right
having a long chord with a course and length of North
64 degrees 55 minutes 09 seconds West 658.08 feet and
having a radius of 716.20 feet and with a central angle
of 54 degrees 42 minutes 00 seconds for a length of
683.75 feet to a point on said centerline; thence North 37

12

degrees 34 minutes 09 seconds West 88.09 feet to a
point on said centerline; thence continuing along said
centerline Northwesterly to the intersection of the said
centerline and the North line of Section 24; thence
North 89 degrees 14 minutes 44 seconds East 1106.99
feet on said North line to the point of beginning, in
Champaign County, Illinois.

Except the following described tract:
Beginning at the intersection of the North line of said Section
24 and the centerline of the Hensley drainage ditch; thence
South 89 degrees 13 minutes 36 second East 715.91 feet along
the North line of said Section 24, thence South 00 degrees 46
minutes 24 seconds West 328.77 feet along a line
perpendicular to the North line of said Section 24; thence
South 35 degrees 01 minutes 36 seconds West 279.04 feet to a
point lying on the centerline of said Hensley drainage ditch;
thence Northwesterly approximately 810 feet along the
centerline of said Hensley drainage ditch to the point of
beginning, in Champaign County, Illinois.

PIN: 12-14-24-100-009

C.     The United States is directed to immediately commence

the ancillary proceedings required to finalize the forfeiture of the

substitute assets listed herein, including providing requisite

notice of this Order to any persons known to have alleged an

13

interest in the property, and shall publish notice of this order and the government's intent to dispose of the property in the manner prescribed by the Attorney General, and notice that any person, other than the defendants, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Gail L. Noll, Assistant United States Attorney, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   Publication may consist of posting notice for a period of thirty days on www.forfeiture.gov, an

internet site maintained by the U.S. Department of Justice.

D.     The United States may undertake such discovery as is necessary to resolve any ownership issues claimed by third parties in the ancillary proceedings, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) and (c).

E.     Pursuant to Federal Rule of Criminal Procedure 32.2(b), this Preliminary Order of Forfeiture of Substitute Assets shall become final as to the defendants at the time of sentencing and shall be made a part of the sentence and included in the judgment.

F.     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

G.   Upon adjudication of all third-party interest, this Court
will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §
853(n)(1).


SO ORDERED:

Dated:_____8/28_____, 2018.


                              _____s/ Sue E. Myerscough_____
                              U.S. District Judge Sue E. Myerscough