IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 16-cr-20044 |
| **EDWIN J. GIRE and GRAYSON** ) | |
| **ENTERPRISES, INC. d/b/a GIRE** ) | |
| **ROOFING,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is the Government's Motion for a General Order of Forfeiture (d/e 107). For the reasons set forth below, the Government's motion is DENIED. The Court will instead enter a preliminary order of forfeiture against Defendants with respect to the real property located at 309 West Hensley Road in Champaign, Illinois (hereinafter, the West Hensley Road property).

**I. BACKGROUND**

On June 8, 2016, a ten-count Indictment (d/e 1) was filed in this case. Counts One and Two charged Defendant Edwin J. Gire (Gire) with visa fraud, in violation of 18 U.S.C. § 2 and 18 U.S.C. §

1546(a).  Counts Three and Four charged Gire and Defendant Grayson Enterprises, Inc. (Grayson Enterprises), with visa fraud. Counts Five through Seven charged Defendants with harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).  Counts Eight through Ten charged Defendants with unlawfully employing aliens, in violation of 8 U.S.C. § 1324a(a)(1)(A) and (f)(1).  The Indictment sought the forfeiture of the West Hensley Road property. On October 20, 2017, Defendants appeared before United States Magistrate Judge Tom Schanzle-Haskins and pleaded guilty to Counts Eight through Ten of the Indictment.

    Defendants went to trial on the remaining seven counts. Defendants filed a motion requesting a bench trial and waived their rights to a jury trial.  The Government did not object to a bench trial, and the Court granted Defendant's motion, so the charges against Defendants were tried to the Court over six days in November 2017.

    On January 31, 2018, the Court entered its Verdict (d/e 61), finding Gire guilty on Counts One through Seven of the Indictment and Grayson Enterprises guilty on Counts Three through Seven of the Indictment.  The Court found that Defendants used the West

Hensley Road property to facilitate their offenses involving the harboring of illegal aliens, offenses for which forfeiture is appropriate under 18 U.S.C. § 982(a)(6). The Court also found that there was a nexus between the West Hensley Road property and the harboring offenses. The Court therefore directed the Government to tender a proposed preliminary order of forfeiture to the Court.

On August 17, 2018, the Government filed a Motion for a Preliminary Order of Forfeiture and Forfeiture of Substitute Assets (d/e 85). In the motion, the Government informed the Court that the West Hensley Road property had been sold to Rush Truck Centers of Illinois, Inc. (Rush Truck Centers), for $3.1 million. Therefore, the Government asked the Court to enter a money judgment against Defendants for the sale price of the West Hensley Road property. The Government also moved for the forfeiture of three parcels of real property and all improvements and appurtenances thereon as substitute assets pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure. Two of these parcels were titled in the name of Quick Leasing, Inc. (Quick Leasing), while the third parcel was titled in the name of Hensley Market, LLC.

On August 28, 2018, the Court entered a Preliminary Order of Forfeiture of Substitute Assets and Money Judgment (Preliminary Order of Forfeiture) (d/e 88). The Court ordered that a money judgment in the amount of $3.1 million be entered against Defendants and in favor of the United States. The Court also forfeited to the United States as substitute assets the three parcels of real property referenced in the Government's motion for a preliminary order of forfeiture.

On September 5, 2018, the Court granted Gire leave to file his motion to vacate the Preliminary Order of Forfeiture (d/e 93) and granted Grayson Enterprises leave to file a response to the Preliminary Order of Forfeiture. Grayson Enterprises' response (d/e 91) sought an order vacating the Preliminary Order of Forfeiture. The Government opposed the relief sought by Defendants.

On November 19, 2018, the Court entered an Order (d/e 105) granting Gire's motion and vacating the Preliminary Order of Forfeiture issued by the Court in August 2018. The Court determined that the Government had not met its burden in establishing that certain substitute assets were subject to forfeiture.

On December 27, 2018, the Government filed its Motion for a

General Order of Forfeiture, asserting its belief that Defendants' connections with Quick Leasing make it their nominee with respect to the West Hensley Road property. On January 7, 2019, Defendants filed their responses to the Government's motion (d/e 113, 114), arguing that a general forfeiture order is not warranted in this case.

At the Court's direction, the Government filed a reply (d/e 119) in support of its Motion for a General Order of Forfeiture on January 14, 2019. On January 23, 2019, Grayson Enterprises' surreply (d/e 121) was filed.

## II. ANALYSIS

"If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A). However, if the Court, before sentencing, cannot identity all specific property subject to forfeiture, the Court may enter a forfeiture order that "lists any identified property;" "describes other property in general terms;" and "states that the

order will be amended under Rule 32.2(e)(1) when additional specific property is identified." Fed. R. Crim. P. 32.2(b)(2)(C). "The authority to issue a general forfeiture order should be used only in unusual circumstances and not as a matter of course." Fed. R. Crim. P. 32.2, 2009 committee notes.

    Defendants argue that a general forfeiture order is not warranted in this case because the Court, in its Verdict, found that the West Hensley Road property is subject to forfeiture. But just because the Court has identified some specific property subject to forfeiture does not preclude the entry of a general forfeiture order. Indeed, a general forfeiture order is authorized if the Court "cannot identify all the specific property subject to forfeiture." Fed. R. Civ. P. 32.2(b)(2)(C) (emphasis added). Further, if the Court enters a general forfeiture order, the Court is to include "any identified property." Id. Given this language, the Court is not precluded from entering a general forfeiture order merely because it has already found the West Hensley Road property subject to forfeiture.

    Nevertheless, the Court agrees with Defendants that a general forfeiture order is not warranted here. The Government seeks a general forfeiture order because it believes that Quick Leasing is

Defendants' nominee with respect to the West Hensley Road property.

The Government's theory regarding the relationship between Defendants and Quick Leasing is too speculative for the Court to conclude that the Court "cannot identity all the specific property subject to forfeiture." Fed. R. Crim. P. 32.2(b)(2)(C). The Government, in its Motion for a General Order of Forfeiture, notes that Kimberly Young (Young), Gire's fiancée, serves as the president of both Grayson Enterprises and Quick Leasing and that Gire was an agent of Quick Leasing, signing checks on its behalf.

However, a determination of whether Quick Leasing is or was Defendants' nominee with respect to the West Hensley Road property will require the consideration of several factors relating to their relationship. See <u>United States v. Szaflarski</u>, 614 F. App'x 836, 838-39 (7th Cir. 2015). Allowing a general forfeiture order based on a nominee theory that rests on scant factual support would be contrary to the idea of utilizing general forfeiture orders "only in unusual circumstances and not as a matter of course." Just because the Government has a theory that might result in the forfeiture of additional property does not mean that the Court is

unable to identify all specific property subject to forfeiture. Holding otherwise would allow the Government to obtain general forfeiture orders based on speculation that additional property subject to forfeiture exists and can be identified through discovery. Nothing in Rule 32.2 of the Federal Rules of Criminal Procedure suggests that the threshold for a general forfeiture order is so low.

The Government no doubt seeks to prove that Quick Leasing is Defendants' nominee so that the Government can ask the Court to order the forfeiture of substitute property pursuant to 21 U.S.C § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure. The Government is free to pursue their theory and eventually seek the forfeiture of substitute property without the entry of a general forfeiture order. Indeed, Rule 32.2 provides that the Court, on the Government's motion, may "<u>at any time</u> . . . amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B) (emphasis added). This authority is distinct from the authority the Court has to amend an existing order of forfeiture in order to include property that is "subject to forfeiture under an existing order of forfeiture but was located and identified

after that order was entered." Fed. R. Crim. P. 32.2(e)(1)(A).

Although the Court declines to enter a general forfeiture order, the Court will enter a preliminary order of forfeiture for the West Hensley Road property. Federal law requires the Court, in imposing sentence on a person convicted of harboring illegal aliens in violation of 8 U.S.C. § 1324, to order the person to forfeit to the United States any real or personal property "that is used to facilitate, or is intended to be used to facilitate, the commission of the offense." 18 U.S.C. § 982(a)(6)(A)(ii)(II). If the forfeiture of specific property is sought, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). Neither of these requirements focus on the identity of the person or entity who owns the property to be forfeited. Criminal forfeitures are considered punishment and a part of the sentencing process, so the Government must establish that property is subject to forfeiture by a preponderance of the evidence. United States v. Smith, 770 F.3d 628, 637 (7th Cir. 2014).

Given this framework, to find that the West Hensley Road property was subject to forfeiture, the Court needed to find that the

Government proved by a preponderance of the evidence (1) that the West Hensley Road property was used to facilitate or was intended to be used to facilitate Defendants' harboring offenses and (2) that there was a nexus between the West Hensley Road property and Defendants' harboring offenses. See 18 U.S.C. § 982(a)(6); Fed. R. Crim. P. 32.2(b)(1)(A). The Court, in examining the evidence presented at Defendants' bench trial, held that the Government had met its burden on both issues. See Verdict (d/e 61), 10-11. The Court is therefore required to enter a preliminary order of forfeiture with respect to the West Hensley Road property "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). Determining whether a third party has an interest in the West Hensley Road property is deferred until a third party files a claim in an ancillary proceeding. Id.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion for a General Order of Forfeiture (d/e 107) is DENIED. The Court will instead enter a preliminary order of forfeiture against Defendants with respect to the real property located at 309 West Hensley Road in Champaign, Illinois. The sentencing hearing for Defendant

Edwin J. Gire and Defendant Grayson Enterprises, Inc., remains set for Thursday, February 7, 2019, at 10:00 a.m.

ENTER: February 6, 2019

                                  */s/ Sue E. Myerscough*
                                  SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE